**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMBER F. DESANTIS | : | 19-cv-65 |
| | : | |
|     Plaintiff | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| HARRISBURG AREA COMMUNITY | : | |
| COLLEGE, JOHN MUMMERT, | : | |
| AND MEGAN BRIGHTBILL, | : | |
| | : | |
|     Defendants. | : | |

## <u>MEMORANDUM</u>

### March 4, 2021

Presently pending before the Court is a Supplemental Motion for Summary Judgment Regarding Count II of the Amended Complaint, ("the Motion"), filed by Defendants Harrisburg Area Community College, ("HACC"), John Mummert, and Megan Brightbill. (Doc. 69). For the reasons that follow, we shall grant the Motion.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case are well-known to the Court and to the parties involved. (Docs. 13, 31, 32, 43, 44, 46, 49, 50, 51, 57). We have detailed the facts of the matter in a prior opinion, (Doc. 62), and need not fully repeat ourselves here.

The procedural posture of this case is as follows: Plaintiff initiated this case on January 1, 2019. (Doc. 1). She amended her Complaint on March 13, 2019. (Doc. 13). Defendants filed an Answer on March 27, 2019. (Doc. 15). After discovery was conducted, Plaintiff filed a Motion for Partial Summary Judgment on December 30, 2019. (Doc. 30). Defendants filed their own Motion for Summary Judgment on February 3, 2020. (Doc. 46). On December 15, we denied Plaintiff's motion and granted Defendant's. (Doc. 62). Only Plaintiff's Count II, her equal protection claim, thus remained. On December 22, Defendant sought leave to file a motion for supplemental summary judgment on Count II, offering that they had discovered new case law in our opinion which precluded Plaintiff's equal protection claim. (Doc. 63). The motion was fully briefed, (Docs. 64, 65, 67), and on January 19, 2021 we granted Defendants leave to file their supplemental motion. (Doc. 68).[1]

Defendants filed their supplemental motion and an accompanying brief on January 25, 2021. (Docs. 69, 70). Plaintiff filed a brief in opposition on February 16, 2021. (Doc. 71). Defendants replied on March 1, 2021. (Doc. 72). The matter is thus ripe for our review.

---

[1]   Despite Plaintiffs' arguments to the contrary, we did so in the interest of judicial economy, noting that Defendants' proposed motion could well obviate the need for a trial. (Doc. 68).

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the governing law.  *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence.  *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a genuine dispute for trial.  *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or

that an adverse party cannot produce admissible evidence to support the fact."

FED. R. Civ. P. 56(c)(1).

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

## III.   DISCUSSION

Defendants premise their supplemental Motion upon the reasoning of our esteemed late colleague Judge McClure in *Yan v. Penn State Univ.*, arguing that that Plaintiff's equal protection class-of-one claim must fail as a matter of law. (Doc. 70 at 7) (citing *Yan v. Penn State University*, 10–00212, 2010 WL 3221828, at *5–6 (M.D. Pa., Aug. 13, 2010)). In that case, Judge McClure extended the Supreme Court's *Engquist* prohibition of class-of-one claims in the public employment context to the public education sphere, holding that a Penn State student could not bring a class-of-one claim against the university challenging her expulsion from a Ph.D. program. *Yan*, 2010 WL 3221828, at *5–6 ("[w]hether or

not a plaintiff can bring a class-of-one claim in a graduate student context is an issue of first impression in this circuit. Today we hold the class-of-one claim brought by Yan against defendants for expelling her from the Ph.D. program is not actionable."). In so deciding, Judge McClure noted that "[t]here are some forms of state action [. . .] which by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments [. . . i]t is no proper challenge to [. . .] a subjective, individualized decision that it was subjective and individualized." *Yan*, 2010 WL 5088517 at *6 (quoting *Engquist v. Oregon Dept. Of Ag.*, 128 S.C. 2153 (2008)).

Plaintiff, for her part, cites a recent decision by our equally esteemed colleague Judge Wilson in which she allowed a high school student to proceed on his class-of-one claim against his school challenging a 10-day suspension. Judge Wilson found *Engquist* inapplicable to the instant situation because the school "was not acting as an employer, where it would be allowed more leeway in making individualized decisions; rather [the school's] enforcement of its policy was an exercise of its power to regulate the behavior of its students." *K.S. by & through Schenk v. Pottsville Area Sch. Dist.*, No. 3:19-CV-00304, 2020 WL 1650183, at *4 (M.D. Pa. Mar. 26, 2020) (citing *Enquist* 553 U.S. at 598).

In essence, the parties ask us to choose between these two approaches to class-of-one theories in the public education context. Both provide myriad reasons

why the other's proffered case law is distinguishable and attempt to persuade us that theirs is the one true path. But we need not decide this split issue at this time. Plaintiff has failed to produce evidence of a genuine issue of material fact on her sole remaining claim. Consequently, even assuming *Engquist* does not preclude a class-of-one claim in this context, we will grant summary judgment to Defendants.

To bring a successful "class of one" equal protection claim, a plaintiff must show that "a state actor treated him differently from similarly situated individuals without a rational basis for the different treatment." *Village of Willbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Hill v. Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). In pursuing such a claim, a plaintiff need not show that he was a member of a protected class. *Patterson v. Strippoli*, 639 Fed. Appx. 137, 142 (3d Cir. 2016) (citing *D'Altilio v. Dover Twp.*, No. 1:06-CV-1931, 2007 U.S. Dist. LEXIS 71414, at *10 (M.D. Pa. Sept. 26, 2007)). Instead, he must show: (1) that a public entity treated him differently from others similarly situated; (2) that the entity did so intentionally; and (3) there was no rational basis for the difference. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Here, Defendants argue that Plaintiff has failed to establish the existence of similarly situated individuals who were treated differently. (Doc. 70 at 12). In so arguing, Defendant notes that the record shows one other incident of student unprofessionalism in the dental hygiene department which did not result in

expulsion. (Doc. 70 at 12). The record shows that "Heather" allegedly cursed in front of a teacher and was not disciplined in the same manner as Plaintiff. (Doc. 70 at 12 (citing Doc. 70-1 at 1)). But Defendants believe that "Heather" is not similarly situated because Plaintiff was "yelling, cursing, and threatening toward other students" and was later found to be bullying others. (Doc. 70 at 12 (citing Doc. 46-3 at ¶¶ 24, 28)). Defendants thus maintain that the record does not establish that "'Heather' or these other students were similarly situated to DeSantis in all material respects based on behavior, attitude, experience, and performance in the academic setting. In fact, cursing or using the f-word that DeSantis alleges was committed by "Heather" is very different than DeSantis's behavior of not only cursing, but also yelling, threatening and bullying a fellow student." (Doc. 70 at 12 (citing Doc. 46-3 at ¶¶24, 31-32)).[2]

Furthermore, Plaintiff's generalized assertions that "other" students "were treated differently than her without more detail, is insufficient to demonstrate that DeSantis was similarly situated in all relevant aspects to those students." (Doc. 70 at 13) (citing *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985) (holding that "[b]are assertions, conclusory allegations, or suspicions will not suffice" to create a

---

[2]     We note that this kind of factual comparison between "Heather's" misdeeds and Plaintiff's is a question we would traditionally leave for a jury to decide. However, as discussed below, Plaintiff has failed to point to record evidence evincing a similarly situated individual, and we must therefore grant summary judgment to Defendants on this claim.

genuine dispute of material fact precluding summary judgment) (internal quotation omitted)).

Plaintiff, for her part, does not mention "Heather" in her response. Instead, she notes that she was the "only student in the dental hygiene program who was subject to disciplinary probation for bullying and subsequently dismiss [*sic*] for bullying for a purported academic violation." (Doc. 71 at 8). In support thereof, Plaintiff points to former Defendant Beard's deposition, in which he states that he cannot recall another incident where the "disciplinary process" recommended probation while the academic program expelled the student in question. (Doc. 71 at 9-10). But the mere fact that there was not another student subject to the same sanctions as Plaintiff cannot allow her claim to survive summary judgment. Instead, she must point to evidence on the record which shows other individuals who were accused of similar misconduct but were punished less harshly. On this front, Plaintiff merely notes that "evidence may be elicited at trial of the number of students who have been received suspensions or probation for bullying or harassment and that those student were not separately dismissed from their programs for academic reasons arising out of the same incident." (Doc. 71 at 10). But we cannot wait for trial to see such evidence. Now is the time when Plaintiff must point to facts which create a genuine issue for the jury to consider regarding whether another student was similarly situated yet treated differently.

In further support of her position, Plaintiff argues that she "is the only student who has been dismissed pursuant to the Health Career Code of Ethics by Defendant Brightbill despite other students ostensibly violating the code." (Doc. 71 at 10 (citing Doc. 71-1 at 3)). Plaintiff cites the deposition of Defendant Brightbill to support this contention, but in that same deposition Defendant Brightbill states that she is not aware of *any* other student being accused of bullying or harassment in the dental hygiene program during her time as a director. (Doc. 71-1 at 4). Without further evidentiary support, we do not see how a jury could find that there were specific students similarly situated to Plaintiff who were treated differently. Plaintiff places great stock in the fact that she was the only student expelled by her academic program after the disciplinary process recommended probation. But this does not necessarily mean she was treated differently from similarly situated individuals. Indeed, the record evidence Plaintiff points to indicates otherwise— she was the only student accused of bullying and harassment in the dental hygiene program during Defendant Brightbill's tenure. As such, we see no way a jury could find that there were *any* similarly situated individuals, let alone that they were treated better than she.

Because Plaintiff cannot show she was treated differently from similarly situated individuals, we need not consider the final two elements of a class-of-one claim. It appears that, at its core, the decision to expel Plaintiff was "a subjective,

individualized assessment[ ]," which Defendant Brightbill had not yet encountered during her tenure. *Yan*, 2010 WL 5088517 at *6 (internal citations omitted). Without appropriately situated individuals, we need not consider whether Plaintiff's treatment was intentional or rationally based, and we accordingly grant summary judgment to Defendants on Plaintiffs' sole remaining count.

## IV.   CONCLUSION

As we noted in our previous opinion, we are aware of Plaintiff's frustration at her treatment. But she has offered no concrete comparators from which a jury could appropriately determine whether she was treated more harshly than other similarly situated individuals. Such a comparison is the foundation of any Equal Protection claim, and without sufficiently specific evidence proving the existence of other, better-off students, we must grant summary judgment to Defendants on this count.